### THAYER et al. v. CHECKLEY.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

No. 982.

1. CONTRACT—CONSTRUCTION—LIABILITY FOR NEGLIGENCE IN PERFORMANCE.

Where, by the terms of a contract made by the owners of a building for moving a safe therein, the elevator was to be used at their risk, the janitor who operated such elevator in making the removal was their agent, and not the contractor's, and they were liable for his negligence through which an employé of the contractor was injured.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The facts are stated in the opinion of the court.

Albert E. Dacy, for plaintiffs in error.

F. H. Novak, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion of the court.

The judgment below was for three thousand dollars, and the action one for personal injuries received by the defendant in error in an elevator owned and operated by plaintiffs in error, in a building in Chicago known as the Calumet Building.

May 12th, 1900, one Moores, a mover of safes, was called upon by the plaintiffs in error, through their agent, to move a safe from the third floor. of the building to an upper floor. An arrangement having been agreed upon, the safe was taken out of the room where it had stood and put in the elevator operated by the janitor of the building. But the carrying capacity of the elevator was found unequal to the weight of the safe, the elevator thus loaded sinking to the ground floor with what the witnesses called a thud. The defendant in error, an employé of Moores, was inside the elevator with the safe, and, on the elevator reaching the ground floor, was told by Moores to help push the safe off. This was done, but before the defendant in error could follow, the elevator shot up, and in trying to escape through a door on the fourth floor, defendant in error received the injuries for which the suit was brought.

The proof satisfies us, as it must have satisfied the jury, that the injuries were attributable to the negligence of the janitor of the building in the operation of the elevator, and that defendant in error was guilty of no contributory negligence. The principal question is. this: Was such janitor, in the matter of moving this safe, the agent of the plaintiffs in error, or of Moores?

There is evidence in the record sufficient to show, that Moores upon being applied to to move the safe, stated that he would take it up by rope for fifteen dollars, or by elevator for ten, but that in case the latter method was chosen, the owners of the building would take the risk of the elevator. This arrangement, in our judgment, made the janitor of the building, operating the elevator, the agent of the plaintiffs in error, so that his negligence became their negligence.

In this view of the facts of the case, all discussion of law relating to liability in cases of independent contract is immaterial.

The judgment must be affirmed.